IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-CR-30127-SMY |
| CHRISTOPHER J. WICKER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court for consideration of Defendant Christopher Wicker's "Motion to Reconsider Pursuant to Rule 60(b)(4)-(6), (c)(1-3) & (d)(2) or in the Alternative, For Extraordinary Relief 28 USC §§ 1651. 1654-55 In the Nature of Audita Querela, Mandamus, Prohibition and Coram Nobis/Vobis," filed on November 11, 2017. (Doc. 57). For the following reasons, the motion is **DENIED**.

On September 9, 2009, a federal grand jury issued an indictment against Defendant Wicker for being a felon in possession of several firearms. (Doc. 1). Wicker pled guilty to the charge on February 26, 2010, pursuant to a Plea Agreement. (Doc. 35). In his Plea Agreement, Wicker acknowledged that he was guilty of being a felon in possession of a firearm, and that he qualified as an Armed Career Criminal as the term is used in United States Sentencing Guidelines § 4B1.4(b)(3)(B) (Doc. 36 at § II ¶¶ 1, 2, and 5). On October 22, 2010, Wicker was sentenced to 120 months of imprisonment and a 3 year term of Supervised Release. (Doc. 53)

Wicker now requests relief on several grounds which require some dissection by the Court. First, Wicker references "reconsideration" under various subsections of "Rule 60," which suggests that Wicker is seeking relief under Federal Rule of Civil Procedure 60 (Federal Rule of

1

Criminal Procedure 60 pertains to victims' rights). Obviously, the Rules of Civil Procedure do not apply to criminal matters. Wicker's citations to 28 U.S.C. §§ 1654-55, which pertain to appearance in court and lien enforcement are similarly inapplicable. His prayer for relief seeks a declaratory judgment, which is not available in criminal cases. 28 U.S.C. §§2201-02.

As best the Court can discern, Wicker's motion is actually a request for relief under 28 U.S.C. §2255. At various points, he challenges the propriety of both his conviction as a felon in possession of a firearm and use of his prior felony convictions as "strikes" toward his sentencing enhancement as an Armed Career Criminal. He asserts that the State of Illinois did <u>not</u> inform him that his (non-felon) civil rights were <u>not</u> restored upon completion of his prior terms of incarceration for state felony charges and cites to *Logan v. United States*, 552 U.S. 23 (2007), *Buchmeier v. United States*, 581 F. 3d 561 (7th Cir. 2009), and *United States v. Burnett*, 641 F. 3d 894 (7th Cir. 2011).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Leaving aside issues of waiver arising from Wicker's Plea Agreement, his Motion is clearly untimely.

Petitions for relief under § 2255 are subject to a one-year statute of limitation, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). Here, the statute of limitations has run on all of the applicable accrual dates. Wicker's judgment of conviction became final when the 14–day period to appeal his conviction and sentence expired. *Davis v. United States*, 817 F.3d 319, 326 (7th Cir. 2016). As a result, Wicker was required to file any motion for post-conviction relief on or before November 7, 2011.

No impediment to Wicker's filing created by governmental action is apparent, nor does he allege any facts discovered since finality of the judgment. Finally, *Logan*, the only Supreme Court case cited by Wicker, was decided several years before his plea, conviction and sentencing; no newly-recognized right is at issue here.

For the foregoing reasons, Wicker's request for post-conviction relief is untimely on its face, and is therefore **DENIED**.[1]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S.

---

[1] Wicker's motion similarly fails if construed as a request for Writ *Coram Nobis*. While coram nobis requires the petitioner to no longer be in custody, Wicker filed his Motion while incarcerated. *Stanbridge v. Scott*, 791 F.3d 715, 721 (7th Cir. 2015). Additionally, the petition must "present[ ] questions that could not have been resolved at the time of conviction." *Id.*, quoting *United States v. Bush*, 888 F.2d 1145, 1146 (7th Cir.1989). Wicker raises no facts that were unknown or undiscoverable at the time of his conviction. Thus, a Writ *Coram Nobis* is unavailable.

322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Wicker has not made a substantial showing of the denial of a Constitutional right. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: October 5, 2018**

                                                         **s/ Staci M. Yandle**
                                                         **STACI M. YANDLE**
                                                         **United States District Judge**