# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**CHRISTOPHER J WICKER** | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>(for **Revocation** of Probation or Supervised Release)<br><br>Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36) *Supervised conditions<br><br>Case Number: **3:09-CR-30127-SMY-1**<br>USM Number: **08484-025**<br><br>**STEPHEN R. WELBY**<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)  <u>as listed below</u>  of the term of supervision.
☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory | The defendant committed the offense of Unlawful Possession of a stolen license plate | 8/8/2018 |

**Violations continued on page 2**

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Last Four Digits of Defendant's Soc. Sec.: 1738

Defendant's Year of Birth: 1970

City and State of Defendant's Residence:
East Alton, Illinois

October 30, 2018
Date of Imposition of Judgment

_/s/ Staci M. Yandle_
Signature of Judge

Staci M. Yandle, United States District Judge
Name and Title of Judge

Date Signed: 3/16/2020

## ADDITIONAL COUNTS OF CONVICTION

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Mandatory | The defendant committed the offenses of Possession of a Controlled Substance (Methamphetamine and Heroin), Possession of Drug Paraphernalia, and Possession of Stolen Checks. | 8/24/2018 |
| Mandatory | The defendant unlawfully possessed a controlled substance, in that he tested positive for amphetamine and methamphetamine by urinalysis. | 7/11/2018 |
| | The defendant unlawfully possessed a controlled substance, in that he tested positive for amphetamine and methamphetamine by urinalysis. | 7/25/2018 |
| | The defendant unlawfully possessed a controlled substance, in that he admitted to the use of methamphetamine. | 8/23/2018 |
| | The defendant unlawfully possessed controlled substances, in that he was found in possession of methamphetamine and heroin. | 8/24/2018 |
| Standard #2 | The defendant failed to submit a written report. | July 2018 |
| Standard #9 | The defendant associated with William Barnerd, a convicted felon, without the permission of the probation officer. | 8/8/2018 |
| | The defendant associated with Amanda Hampton, a convicted felon, without the permission of the probation officer. | 8/11/2018 |
| | The defendant associated with an individual involved in committing the offense of Criminal Damage. | 8/16/2018 |
| Standard #11 | The defendant failed to notify the probation officer within seventy-two hours that he was questioned by the East Alton, Illinois Police Department. | 4/8/2018 |
| | The defendant failed to notify the probation officer within seventy-two hours that he was questioned by the East Alton, Illinois Police Department. | 8/11/2018 |
| Special | The defendant failed to participate in a program for substance abuse, in that he failed to report for counseling on the following dates: August 8, 2018, and August 13, 2018. | 8/13/2018 |
| Special | The defendant failed to participate in a program for mental health treatment, in that he failed to contact the treatment provider after July 28, 2018, for an initial appointment. | 7/28/2018 |

DEFENDANT: CHRISTOPHER J WICKER
CASE NUMBER: 3:09-CR-30127-SMY-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **18 months**

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends the Bureau of Prisons consider defendant's placement at FCI Greenville or as geographically close to the Southern District of Illinois as possible.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **18 months**

Other than exceptions noted on the record at sentencing, the Court adopts the proposed terms and conditions of supervision recommended by the U.S. Probation Office in its current form, including the explanations and justifications therefor.

## MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

## ADMINISTRATIVE CONDITIONS

*The following conditions of supervised release are administrative and applicable whenever supervised release is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to supervised release.*

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not knowingly leave the judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

The defendant shall notify the probation officer prior to an expected change, or within seventy-two hours after an unexpected change, in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at

any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## SPECIAL CONDITIONS

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house). The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

* The defendant shall participate in mental health services, which may include a mental health assessment and/or psychiatric evaluation, and shall comply with any treatment recommended by the treatment provider. This may require participation in a medication regimen prescribed by a licensed practitioner. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

The defendant shall be monitored by a form of location monitoring indicated below for a period of 180 days and shall abide by all technology requirements. The participant shall pay all or a portion of the costs of participation in the location monitoring program based on the defendant's ability to pay.

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other pre-approved activities. (Home Detention) The Court directs the probation officer to determine the type

of location monitoring technology utilized, approve any necessary schedule changes, monitor the defendant's compliance with the program requirements, determine a copayment amount, and assist in the collection of copayments.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or history of criminal conduct, whether or not resulting in criminal charges, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has read and explained the conditions ordered by the Court and has provided me with a complete copy of this Judgment. Further information regarding the conditions imposed by the Court can be obtained from the probation officer upon request.

Upon a finding of a violation of a condition(s) of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant's Signature _____     Date _____

U.S. Probation Officer _____     Date _____